UNITED STATES DISTRICT COURT     15 CV 1453
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TARA RIVERA, as Administratrix of the Estate of
GEORGE RIVERA, deceased,

JUDGE WOODS    15 Civ No. 1453 (GHW)

                      Plaintiff,      **COMPLAINT**

      -against-           ***JURY TRIAL***
                                       ***DEMANDED***

DOUGLAS WOODWARD JONES, M.D., SAMUEL
SINGER, M.D., VERONICA FERENCZ, M.D. and
MEMORIAL HOSPITAL FOR CANCER AND ALLIED
DISEASES, INC.,



                      Defendants.
---------------------------------------------------------------X

Plaintiffs, by her attorney, BRADLEY A. SACKS, ESQ. complaining of the defendants, allege, upon information and belief, as follows:

## JURISDICTION AND VENUE

1.    Plaintiff, TARA RIVERA, Administratrix of the Estate of George Rivera, is a domiciliary of the State of New Jersey.

2.    On August 27, 2014, the Honorable Jeffrey W. Moran, Surrogate of Ocean County, State of New Jersey entered a decree by which Letters of Administration were issued to TARA RIVERA and she was appointed Administratrix of the Estate of GEORGE RIVERA. Those Letters remain in force and effect. A copy is annexed hereto as **Exhibit 1.**

3.    At all times hereinafter mentioned the defendant, DOUGLAS WOODWARD JONES, M.D is a physician licensed to practice medicine and a domiciliary of the State of New York.

4. At all times hereinafter mentioned the defendant, SAMUEL SINGER, M.D., is a physician licensed to practice medicine and a domiciliary of the State of New York.

5. At all times hereinafter mentioned the defendant, VERONICA FERENCZ, M.D., is a physician licensed to practice medicine and a domiciliary of the State of New York.

6. At all times hereinafter mentioned, the defendant, MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, INC. ('MSK'), was a New York not-for-profit corporation, and is a domiciliary of the State of New York, with its principal place of business in New York County, New York.

7. At all times relevant herein and more particularly during the period August 4-8, 2014, DOUGLAS WOODWARD JONES, M.D was an employee of the defendant MSK.

8. At all times relevant herein and more particularly during the period August 4-8, 2014, SAMUEL SINGER, M.D was an employee of the defendant MSK.

9. At all times relevant herein and more particularly during the period August 4-8, 2014, VERONICA FERENCZ, M.D was an employee of the defendant MSK.

10. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. 1332, since the parties are domiciled in diverse states, and the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

12. Venue is properly placed in the United States District Court for the Southern District of New York, as all of the defendants are domiciled in the State of New York or states other than the State of New Jersey in which all plaintiff is domiciled.

## FACTUAL BACKGROUND

13. At all times relevant herein defendant MSK was licensed to provide and held itself out to the general public, including plaintiffs, as providing medical and surgical services of the highest quality and in accordance with accepted standards of practice, and in connection therewith furnished doctors, nurses and other healthcare providers for patient care.

14. On or about August 4, 2014 plaintiff's decedent came under the care of physicians and other health care providers at MSK for a surgical procedure described as a resection of the decedent's left groin and left thigh.

15. On or about August 4, 2014 and continuing until his demise, plaintiff's decedent came under the care of defendant DOUGLAS WOODWARD JONES, M.D.

16. On or about August 4, 2014 and continuing until his demise, plaintiff's decedent came under the care of defendant SAMUEL SINGER, M.D.

17. On or about August 4, 2014 and continuing until his demise, plaintiff's decedent came under the care of defendant VERONICA FERENCZ, M.D.

18. On or about August 4, 2014 and continuing until his demise, plaintiff's decedent came under the medical and surgical care and management of agent's and/or employees of the defendant MSK.

19. On August 4, 2014 defendant SAMUEL SINGER, M.D. performed a surgical procedure upon the plaintiff's decedent at MSK.

20. At the time of the surgery of August 4, 2014, defendant DOUGLAS WOODWARD JONES, M.D. was first assistant surgeon.

21.  At the time of the surgery of August 4, 2014 defendant VERONICA FERENCZ, M.D. was second assistant surgeon.

22.  The surgery was performed upon the plaintiff's decedent while he was under general anesthesia.

23.  During the course of the surgery of August 4, 2014 the decedent's small intestine was injured.

24.  During the course of the surgery of August 4, 2014, the injury to decedent's small intestine was neither discovered nor repaired.

25.  The proposed surgery of August 4, 2014 did not include surgery to the small intestine nor was an enterotomy into the small intestine an intended part of the surgery.

26.  Injury to the small intestine was not an unavoidable risk or complication of the proposed surgical procedure, nor was such a potential complication disclosed by SAMUEL SINGER, M.D. or his designees to the plaintiff or plaintiff's decedent.

27.  The plaintiff's decedent was permitted to eat food within hours of completion of the surgery of August 4, 2014.

28.  The plaintiff's decedent began to demonstrate signs and symptoms of infection including tachycardia and fever, early on August 5, 2014.

29.  Leakage of bowel contents including fecal material caused the plaintiff's decedent to suffer necrotizing fasciitis of the abdomen, the groin and the leg, peritonitis and to become mortally septic.

30.  On August 7, 2014, an MSK surgeon Charlotte Ariyan, M.D., in the absence of Dr. Singer, attempted to surgically address the plaintiff's infection and discovered fecal

material in the plaintiff's leg wound and thereafter discovered an intestinal enterotomy as the source.

31. During the period August 4-8, 2014, Plaintiff's decedent was observed, treated and examined by physicians and health care professionals including nurses, employed by defendant MSK.

32. Due to septic complications caused by the failure of the defendants, their agents and/or employees to properly perform surgery, to properly monitor the plaintiff post operatively and the failure to timely discover the source of the infection, peritonitis and necrotizing fasciitis, plaintiff's decedent died while still an inpatient at MSK on August 8, 2014.

33. The medical and surgical care provided by the defendants DOUGLAS WOODWARD JONES, M.D., SAMUEL SINGER, M.D. and VERONICA FERENCZ, M.D., was performed and provided in a negligent and careless manner, constituted professional negligence, deviated from the accepted medical and hospital practices and standards in the community and was not in keeping with the standards customarily employed by health care providers under similar circumstances.

34. The post-operative care of the decedent provided by agents and/or employees of the defendant, MSK was performed and provided in a negligent and careless manner, constituted professional negligence, deviated from the accepted medical and hospital practices and standards in the community and was not in keeping with the standards customarily employed by health care providers under similar circumstances.

35. The named defendants and/or the agents and/or employees of the defendants failed to follow accepted practices, were reckless and negligent, *inter alia*, in

negligently performing the surgery of August 4, 2014, in creating an iatrogenic enterotomy and in failing to discover same; in allowing fecal and other intestinal contents to leak from the injured intestine; in suturing the fascia to the intestine, in failing to timely and properly discover the iatrogenic injury and timely repair said injury, in failing to properly monitor plaintff's post-operative condition, in failing to timely address the ongoing soft tissue necrosis and breakdown in and about the surgical site; in failing to maintain complete and proper records of the care rendered; in failing to assure that all orders for monitoring were followed; in failing to have sufficiently trained and experienced staff monitor the plaintiff; in improperly performing physical evaluations post-operatively; in failing to perform necessary examinations and evaluations post-op; in failing to keep and make proper medical and hospital records reflecting the patient's true condition; in failing to appreciate the significance of those observations made; in failing to prevent plaintiff's demise and the defendants were otherwise careless and negligent.

AS AND FOR A FIRST CAUSE OF ACTION

36.     The plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "35," inclusive, with the same force and effect as if fully set forth at length herein.

37.     As a result of the foregoing negligence, plaintiff's decedent suffered uncontrolled infection, pain and suffering and fear of impending death following the surgery of August 4, 2014. As a result of the foregoing negligence and deviations from accepted practice, the plaintiff's decedent experienced the effects of the uncontrolled

infection, experienced pain, suffering and anxiety regarding his condition and experienced the fear of impending death, all after the sugery of August 4, 2014.

38. The foregoing pain, suffering and fear of impending death were not ordinary or expected after effects of the surgery of August 4, 2014.

39. That by reason of the foregoing, GEORGE RIVERA, deceased by his Administratrix TARA RIVERA demands judgment for both compensatory and exemplary damages in an amount not to exceed the sum of Two Million Dollars ($2,000,000.00) for pre-death suffering.

## AS AND FOR A SECOND CAUSE OF ACTION

40. The plaintiff hereby repeats, reiterates and realleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "39," inclusive, with the same force and effect as if fully set forth at length herein.

41. That by reason of the foregoing, TARA RIVERA, as surviving spouse and Administratrix of the Estate of George Rivera, deceased, was caused to pay funeral and burial expenses in the amount of $13,835.00, due to the acts of one or more of these defendants.

42. That as a result of the defendants' negligence, decedent was deprived of his chance to live and was instead caused to suffer a "wrongful death" as defined under the Laws of the State of New York.

43. As a result of the defendants' negligence and decedent's wrongful death, decedent's Estate and beneficiaries, including his spouse and children have sustained expenses and other pecuniary losses, including loss of parental guidance.

44. That by reason of the foregoing and pursuant to New York Estate Powers & Trusts Law § 5-4.3, TARA RIVERA as Administratrix of the Estate of George Rivera, deceased, demands judgment in an amount not to exceed the sum of Ten Million Dollars ($10,000,000.00), together with interest from August 8, 2014, for the pecuniary losses and "wrongful death" of George Rivera.

WHEREFORE, plaintiffs respectfully pray for an award of compensatory and exemplary damages, as supported by the evidence on the causes of action alleged, together with the lawful costs and disbursements of this action.

Dated: New York, New York
  February 27, 2015

Yours etc.,

BRADLEY A. SACKS, ESQ.

_____
Attorney for Plaintiff
225 Broadway – Suite 2410
New York, NY 10007
Tel. (212) 349-6171

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TARA RIVERA, as Administratrix of the Estate of
GEORGE RIVERA, deceased,

                                      Plaintiff,

-against-

DOUGLAS WOODWARD JONES, M.D., SAMUEL
SINGER, M.D., VERONICA FERENCZ, M.D. and
MEMORIAL HOSPITAL FOR CANCER AND ALLIED
DISEASES, INC.,

                                      Defendants.
-----------------------------------------------------------------------X

Civ No.

**CERTIFICATE OF MERIT PURSUANT TO CPLR §3012**

The undersigned declares that I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice medicine and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and circumstances that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
           February 27, 2015

                                          Yours, etc.

                                          BRADLEY A. SACKS

By: _____
Attorney for Plaintiff
225 Broadway – 24th Floor
New York, New York 10007
(212) 349-6171

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        10 Civ.
------------------------------------------------------------------------------------X
TARA RIVERA, as Administratrix of the Estate of GEORGE RIVERA, Deceased,

                Plaintiff,

  -against-

DOUGLAS WOODWARD JONES, M.D., SAMUEL SINGER, M.D., VERONICA FERENCZ, M.D and MEMORIAL HOSPITAL FOR CANCER AND ALLIED DISEASES, INC.

                Defendants.
------------------------------------------------------------------------------------X

## COMPLAINT

**BRADLEY A. SACKS**
*Attorney for the plaintiff*
225 Broadway, 24th Floor
New York, New York 10007
(212) 349-6171